WALTER J. ROTHSCHILD, Judge.
In this medical malpractice action, plaintiffs appeal from a judgment of the trial *161 court rendered in defendant’s favor. For reasons stated more fully herein, we affirm.

Facts and Procedural History

Janice R. Medine was treated by Dr. Richard Roniger, a psychiatrist, from 1988 until 1990. On December 10, 1990, Mrs. Medine committed suicide by ingesting an overdose of prescribed medication. She was survived by her husband, Curtis Med-ine, and her eight year old son, John Kramer.
On November 27, 1991, Curtis P. Med-ine and John Michael Kramer filed a complaint with the Louisiana Patient’s Compensation Fund alleging medical negligence against Dr. Richard Roniger following the death of Janice R. Medine. The claimants specifically alleged that Dr. Roniger had breached the applicable standard of care by prescribing improper quantities of medication in light of Mrs. Medine’s history of suicide attempts and by Dr. Roniger’s failure to properly monitor Mrs. Medine’s medication prescriptions. The claim further alleged that Mrs. Medine’s suicide was a result of the negligence of Dr. Roniger.
In accordance with the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq., the complaint was presented to a medical review panel. The panel was composed of Dr. Frederick Henderson, Dr. Clyde Watkins, Jr., and Dr. Richard Ri-choux. On June 15, 1993, the panel issued its opinion that the evidence presented did not support a finding that Dr. Roniger had failed to meet the applicable standard of care.
On August 4, 1993, the instant petition for damages was filed in district court against Dr. Roniger. Dr. Roniger answered the petition, generally denying plaintiffs’ allegations. After numerous continuances and delays, the matter proceeded to trial by jury on April 22, 2003. As indicated by the jury interrogatories completed at the conclusion of trial, the jury determined that Dr. Roniger did not breach the standard of care for psychiatrists in his treatment of Janice Medine. Accordingly, the trial court rendered judgment on May 2, 2003 in favor of defendant, Dr. Richard Roniger, dismissing plaintiffs’ demands against him.
Plaintiffs now appeal from this judgment on the basis of three assignments of error. The first assignment raises the issue of whether the trial court erred in allowing two members of the medical review panel to testify at trial as experts for the defense. The remaining assignments contend that the trial court committed reversible error in failing to give two specific jury charges.

Discussion

Plaintiffs first contend that the trial court erred when it allowed Dr. Richard Richoux and Dr. Frederick Henderson to testify on defendant’s behalf as both members of the medical review panel and as the defendant’s own, hired expert witnesses. Plaintiffs contend that the Louisiana Medical Malpractice Act does not permit a panel physician to testify as a compensated expert for one of the parties. Rather, plaintiffs argue, the LMMA provides only that a party may call a panel physician as a trial witness to corroborate or to invalidate the panel’s expert opinion, and a party cannot make a panel member his own compensated expert witness.
In support of this argument, plaintiffs rely on the provisions of La. R.S. 40:1299.47(H) which states:
H. Any report of the expert opinion reached by the medical review panel shall be admissible. as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive *162 and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this Part.
Plaintiffs also rely on the provisions of La. R.S. 40:1299.47(0(5) which requires impartiality on the part of panel members and La. R.S. 40:1299.47(1) which sets the rate of pay for panel members who testify in district court. Contrary to plaintiffs’ assertions however, there is nothing in these sections or any of the other part of the malpractice act which provide that a party in a medical malpractice proceeding in district court is prevented from retaining a panel member as an expert at the trial of the matter. Rather, La. R.S. 40:1299.47(H) specifically allows either party to call a panel member as a trial witness at his cost. The statute does not limit the witness’ testimony in such a case.
Moreover, this identical issue has been previously addressed by the First Circuit. In Clelland v. Haas, 99-2971 (La.App. 1 Cir. 12/22/00), 774 So.2d 1243, 1246, plaintiff objected to a member of the medical review panel testifying as a panel member and as defendant’s expert. The trial court overruled plaintiffs objection, and plaintiff appealed. On appeal, the court found that plaintiff failed to provide the court with any jurisprudential support for her contention that medical review panel members cannot later be called to testify as an expert for one of the parties.
Although plaintiff in that case relied on the provisions of La. R.S. 40:1299.47C(7) which prohibits panel members from discussing the claim until all evidence has been submitted, the court found this provision to be inapplicable as the opinion of the panel had been rendered. The court stated as follows:
Nothing in the statute can be reasonably interpreted to prohibit contact or discussion between panel members and the parties involved in the claim after the medical review panel has issued its final opinion. Clearly, there is nothing in the statute to prohibit medical review panel members from subsequently testifying as an expert for either party at a trial concerning the same medical malpractice claim. Clelland v. Haas, 774 So.2d at 1247. (Emphasis added.)
Likewise, in the present case, the opinion of the panel was rendered prior to the trial of this matter in district court, and the provisions of La. R.S. 40:1299.47(0) regarding impartiality and an inability to discuss the case is no longer applicable. Further, La. R.S. 40:1299(H) specifically allows a party to call a panel member as a witness at the trial of the malpractice claim. We find no merit in plaintiffs’ argument that such testimony is limited by statute to the witness’ role as a panel member.
The record indicates that both Drs. Ri-choux and Henderson were listed in defendant’s pre-trial order as expert witnesses for the defense, and they were in fact the only two expert witnesses to testify on behalf of defendant at the trial concerning the same malpractice claim. Both witnesses testified in their capacity as panel members regarding the findings of the medical review panel. Further, Dr. Ri-choux also responded over the objection of plaintiffs’ counsel to questioning regarding the trial testimony of plaintiffs expert witness, Dr. Gary Miller, whose opinion was not previously presented to the medical review panel. The trial court found that since the panel did not have the benefit of *163 Dr. Miller’s testimony, the panel members were not prohibited from giving their opinion on such testimony at trial.
We fail to find any legal or jurisprudential support for plaintiffs’ contention that the trial court erred in failing to limit the testimony of these witnesses to their findings as members of the review panel. Further, we fail to find any evidence that the jury was confused or misled by the testimony of these witnesses. Thus, we find no error in the trial court’s decision to allow Drs. Richoux and Henderson to testify as experts for Dr. Roniger at the trial of plaintiffs’ medical malpractice claim.
Further, we find no error of the trial court in failing to give a jury instruction concerning the dual-role capacity of defendant’s expert witnesses. As stated previously herein, the provisions of the malpractice act do not distinguish between an expert witnesses’ testimony as a panel member or as a witness retained by one of the parties, and the charge suggested by plaintiffs does not reflect an accurate statement of the law. Further, plaintiffs have failed to show prejudice as a result of the trial court’s failure to instruct the jury on this issue.
Finally, plaintiffs contend that the trial court erred in failing to include within its charge to the jury a proposed special instruction drawn from this Court’s decision in Chauvin v. West Jefferson Mental Health Center, 597 So.2d 134 (La.App. 5 Cir.1992). Plaintiffs contend that the holding in Chauvin created a principle of law that psychiatrist treating a person with a history of depression or suicidal tendencies should restrict the medication dispensed to the smallest feasible amount. We have reviewed this Court’s previous decision in Chauvin, and we fail to find that the holding therein created an elevated duty on the part of psychiatrists treating suicidal patients requiring the specific charge in this case. Further, we have carefully reviewed the jury charges in the present case, and we find that the charges presented by the trial court accurately and amply set forth the necessary burden of proof imposed on the plaintiffs. Under these circumstances, we find no error of the trial court in failing to give the charge as requested by plaintiffs in this case.

Conclusion

Accordingly, for the reasons assigned herein, the trial court judgment in favor of Dr. Richard Roniger, dismissing the claims of plaintiffs against him, is hereby affirmed at plaintiffs’ costs.

AFFIRMED.